PEOPLE ex rel. NEW YORK CENT. & H. R. R. CO. v. MORGAN, Comptroller.

(Supreme Court, Appellate Division, Third Department. January 24, 1901.)

TAXATION—RAILROADS—GROSS EARNINGS TAX.

       Owing to the impossibility of separating the compensation received by a railroad company for transportation of United States mail which is purely of a state character from that part which is of an interstate character, no part of such compensation can be used as a basis for computing the state tax on the company's gross earnings, imposed by Tax Law, § 184, which excludes all earnings derived from transportation business of an interstate character.

Certiorari by the people of the state of New York, on the relation of the New York Central & Hudson River Railroad Company, against William J. Morgan, as comptroller of the state of New York, to review

his determination denying the relator's petition to readjust a tax assessment under section 184 of the tax law. Judgment for relator.

The relator, upon August 1, 1899, made a report of its earnings for the year ending June 30, 1899. By that report it appeared that the gross receipts from all sources amounted to upwards of $50,000,000. After deducting certain amounts as derived from the business of an interstate character, the remainder was $20,374,602.60, and on this amount the comptroller imposed a tax of five-tenths of 1 per cent., amounting to $101,673.01, the amount upon which this tax was imposed including $1,654,182.48 received from carrying the United States mail, and the tax upon that amount was $8,270.91. The relator brings this writ to review the determination of the comptroller requiring the payment of this $8,270.91, claiming that the assessment to that extent was illegal. The material part of section 184 of the tax law, upon the construction of which the question turns, is as follows: "Every corporation and joint-stock association for steam surface railroad, canal, steamboat, ferry, express, navigation, pipe-line, transfer, baggage express, telegraph, telephone, palace car or sleeping car purposes, and all other transportation corporations not liable to taxes under section one hundred and eighty-five or one hundred and eighty-six of this chapter, shall pay for the privilege of exercising its corporate franchise or carrying on its business in such corporate or organized capacity in this state, an annual excise tax or license fee which shall be equal to five-tenths of one per centum upon its gross earnings within the state, which shall include its gross earnings from its transportation or transmission business originating and terminating within this state, but shall not include earnings derived from business of an interstate character."

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

Samuel E. Williamson and Ira A. Place, for relator.

John C. Davies, Atty. Gen. (Robert E. Steele, of counsel), for respondent.

SMITH, J. The relator challenges the assessment as unauthorized by the statute, as an assessment upon interstate transportation. It is claimed that, while part of the mail transportation originates and terminates within the state of New York, another part originates or terminates without the state of New York; that it is impossible to separate the part which is purely of a state character and the part which is purely of an interstate character; and that, therefore, no part thereof can be taxed. It is not disputed that, if mail originating and terminating within the state can be separated from that part which is interstate, the relator should have distinguished them, and its failure to do so forfeits its rights to claim that the assessment is in violation of the statute. The determining question, therefore, upon this branch of the case, is whether these items are separable.

From the evidence of the relator, it appears that there are no books kept by the relator or by the post-office department from which could be ascertained the proportion of the mail carried which is carried wholly within this state or that which is interstate in its character. It is sworn that there are no possible means of ascertaining the proportion of mail which originates and terminates within the state of New York. It appears, further, that the contracts under which this compensation is obtained are made, and necessarily made, in such a manner that the compensation is for both classes of trans-

portation. In almost every pouch of mail received by relator is included mail destined for points without the state, and in nearly every pouch delivered is included mail received from without the state. These facts stand uncontradicted upon the record. In view, therefore, of the express statutory exclusion of those earnings arising from interstate transportation of mail as a basis for the levy of the tax, and of the impossibility of distinguishing between the different classes of mail transportation, the comptroller was not authorized to use any portion thereof as a basis for the ascertainment of said tax. The relator should therefore succeed upon this writ.

The determination of the comptroller reversed, and the account restated, and the tax reduced by the sum of $8,270.91, with $50 costs and disbursements to relator. All concur, except MERWIN, J., not voting.